# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50302 | **DATE** | 6/10/2004 |
| **CASE TITLE** | Conover vs. Erhard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion for summary judgment.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 6-10-04 date docketed | 14 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 6-10-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Janet Conover, individually and as mother and next friend of Troy Heinemann, filed a two- count complaint based on diversity jurisdiction and alleging that defendant, Walter Erhard, was negligent when, while driving a vehicle on a roadway in Richmond, Illinois, he struck Heinemann who was crossing the roadway on foot. Defendant moved for summary judgment, contending that as a matter of Illinois law he cannot be found liable for the accident.

Summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lucas v. Chicago Transit Authority, 367 F. 3d 714, 720 (7th Cir. 2004). In ruling on such a motion, the court must construe all facts in a light most favorable to the non- moving party as well as view all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In this case, the parties correctly agree that Illinois substantive law applies.

Defendant's motion for summary judgment is premised upon two alternative contentions: (1) that defendant is precluded from liability because under the circumstances no trier of fact could find him negligent because the accident was unavoidable on his part: and (2) that his conduct could not be found to be the proximate cause of the accident.

While the evidence developed in this case so far paints a very weak picture of liability on the part of defendant, it cannot be said that no reasonable jury could find defendant negligent in striking Heinemann with his vehicle. Nor can it be concluded as a matter of law that defendant's conduct was not the proximate cause of Heinemann's injuries. See Gatlin v. Ruder, 137 Ill. 2d 284, 293 (1990) (issue of proximate cause ordinarily one for the trier of fact).

The line of cases relied on by defendant involving pedestrians struck by motor vehicles are of no avail at this stage of the proceedings as they did not involve a motion for summary judgment, although they further demonstrate the weakness of plaintiff's case. Similarly, those cases disposed of by summary judgment on the issue of proximate cause are distinguishable from this case as they deal with situations where a vehicle suddenly and unexpectedly veered into the path of an oncoming vehicle and it was determined as a matter of law that the oncoming vehicle did not contribute to the accident by failing to avoid it. In the case of a pedestrian who is struck by a vehicle after running into the roadway, as in this case, the issue of proximate cause simply cannot be foreclosed at the summary judgment stage as there remain issues of material fact as to whether the vehicle's driver could reasonably have avoided the accident.

Because there remain questions of material fact and defendant has not shown he is entitled to judgment as a matter of law, defendant's motion for summary judgment is denied. The parties are instructed to explore the possibility of settlement with the magistrate judge at the status conference on June 30, 2004.